UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GABRIEL AUSTIN and
AENGUS DIFFENDERFER,
for themselves and on behalf
of others similarly situated,                    CASE NO.:

      Plaintiffs,
v.                                               COLLECTIVE/CLASS ACTION

COACH'S VALET LLC, a Florida
Limited Liability Company, and
DANNY NUTT, Individually,

      Defendants.                          /

COLLECTIVE AND CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL

      Plaintiffs Gabriel Austin ("Austin") and Aengus Diffenderfer ("Diffenderfer") (Austin and Diffenderfer collectively "Plaintiffs"), for themselves and on behalf of others similarly situated, by and through the undersigned counsel, file this Collective and Class Action Complaint against Defendants, Coach's Valet LLC ("Coach's Valet") and Danny Nutt ("Nutt") (collectively, "Defendants"), and state as follows:

**INTRODUCTION**

      1. This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Plaintiffs, for themselves and on behalf of other similarly situated current and former non-exempt valet employees of Defendants, known

and unknown, arising from Defendants' willful violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq.*, and the Florida Constitution, Art. X, Sec. 24.

2. Plaintiffs bring a collective action pursuant to 29 U.S.C. § 216(b) to recover unpaid minimum wages, unpaid overtime compensation, and unlawfully retained tip compensation, on behalf of themselves and all other similarly situated current and former valet employees of Defendants who worked for Defendants at any time during the three (3) years prior to June 26, 2025, the effective date of the Parties' Tolling Agreement, through the date of judgment ("Collective Action"). The Parties' Tolling Agreement is attached hereto as **Exhibit A.**

3. Plaintiffs allege on behalf of themselves and all other similarly situated current and former non-exempt valet employees of Defendants, who elect to opt into the Collective Action, that they are entitled to: (i) unpaid minimum wages; (ii) unpaid overtime compensation; (iii) all unlawfully retained tip compensation; (iv) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*; and (vi) an award of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

4. Plaintiffs also bring a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, to recover unpaid minimum wages under Article X, Section 24 of the Florida Constitution, on behalf of themselves and all other similarly situated current and former valet employees of Defendants who worked for Defendants at

any time during the five (5) years prior to June 26, 2025 through the date of judgment in this case ("Class Action"). *See* **Exh. A**.

5. Plaintiffs allege on behalf of themselves and all other current and former valet employees of Defendants within the Class Action, who elect to opt into the Class Action, that they are entitled to: (i) unpaid minimum wages; (ii) liquidated damages pursuant to the Florida Constitution, Art. X, § 24(e); and (iii) an award of reasonable attorneys' fees and costs, pursuant to Florida Constitution, Art. X, § 24(e).

6. Specifically, Plaintiffs complain that they, and all other similarly situated valet employees of Defendants, were consistently required or permitted to perform work for Defendants, but that Defendants systematically failed to pay Plaintiffs and their other similarly situated valet employees the legally mandated Florida minimum wage due to them for their weeks worked, and/or the statutorily mandated overtime rate of at least one and one-half times the legally mandated minimum wage for their hours worked in excess of forty (40) in a workweek, because of Defendants' company-wide policy/practice, whereby Defendants do not pay their valet employees *any* direct wages for their hours worked.

7. Additionally, Plaintiffs complain that they, and all other similarly situated valet employees of Defendants, were denied a portion of the tips they earned

during their employment due to Defendants' company-wide policy/practice of whereby Defendants' owner(s)/manager(s) retained a portion of valet employees' tip compensation, designated as a "Box Fee."

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims raise a federal question under 29 U.S.C. § 201, *et seq.*

9. Additionally, this Court has jurisdiction over Plaintiffs' FLSA Collective Action claims pursuant to 29 U.S.C. § 216(b), which provides that a suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

10. This Court has supplemental jurisdiction over Plaintiffs' claims under the Florida Constitution pursuant to 28 U.S.C. §1367.

11. The acts and omissions that give rise to Plaintiffs' FLSA claims are the same acts and omissions that give rise to Plaintiff's Florida Constitution Claims.

12. Venue is proper in the Middle District of Florida as the acts and omissions giving rise to the causes of action alleged herein accrued in this District, and Defendants' principal place of business is located in this District.

## PARTIES AND PERSONAL JURISDICTION

13. At all times relevant hereto, Plaintiff GABRIEL AUSTIN was an individual residing in Sarasota County, Florida. Plaintiff Austin's written consent to join this action is attached hereto as **Exhibit B.**

14. At all times relevant hereto, Plaintiff AENGUS DIFFENDERFER was an individual residing in Sarasota County, Florida. Plaintiff Diffenderfer's written consent to join this action is attached hereto as **Exhibit C.**

15. Plaintiffs worked for Defendants within Sarasota and Manatee Counties during the relevant period of this action and within the statute of limitations applicable to the instant claims.

16. This Court has personal jurisdiction over Defendant COACH'S VALET LLC because it is a Florida Limited Liability Company with a principal address of 6405 Addington Place University Park, FL 34201.

17. At all times relevant hereto, Coach's Valet was, and continues to be, engaged in business in Florida.

18. Coach's Valet may be served through its Registered Agent as follows: Carla K. Nutt, 6405 Addington Place, University Park, FL 34201.

19. This Court has personal jurisdiction over Defendant DANNY NUTT, who, at all times relevant hereto, was and is a citizen and resident of Florida.

5

20. The Collective Action consists of Defendants' current and former valet employees who worked for Defendants at any time during the three (3) years prior to June 26, 2025 through the date of judgment in this case, who elect to file a consent to join in this action.

21. The Florida Class Action members are all of Defendants' current and former valet employees who worked for Defendants at any time during the five (5) years prior to June 26, 2025, the effective date of the Parties' Tolling Agreement, through the date of judgment in this case.

## CONDITIONS PRECEDENT

22. Without acknowledging that same are applicable to this action and/or constitutional, Plaintiffs have complied with all conditions precedent to the filing of this action pursuant to Fla. Stat. § 448.110(6).

23. At least fifteen days have passed since Defendants were provided notice of this action and Defendants have not satisfactorily resolved the instant claims. Accordingly, the statute of limitations for Plaintiff's unpaid wage claims pursuant to Florida State law is tolled by fifteen (15) days. *See* Fla. Stat. 448.110(6)(b).

## FLSA COVERAGE

24. At all times relevant hereto, Plaintiff Austin was Defendants' "employee" within the meaning of the FLSA and the Florida Constitution.

25. At all times relevant hereto, Plaintiff Diffenderfer was Defendants'

"employee" within the meaning of the FLSA.

26. At all times relevant hereto, Defendant Coach's Valet was Plaintiffs' "employer" within the meaning of the FLSA and the Florida Constitution.

27. At all times relevant hereto, Defendant Nutt was Plaintiffs' "employer" within the meaning of the FLSA and the Florida Constitution.

28. Defendants each were, and continue to be, an "employer" within the meaning of the FLSA.

29. Upon information and belief, at all times relevant hereto, Defendant Coach's Valet's gross annual volume of sales/business was in excess of $500,000.

30. At all times relevant hereto, Defendant Coach's Valet was, and continues to be, "an enterprise engaged in commerce" within the meaning of the FLSA.

31. At all times relevant hereto, Coach's Valet had two (2) or more employees handling, selling, or otherwise working on/with goods or materials that had been moved in or produced for interstate commerce, including but not limited to cell phones, automobiles, traffic cones, and other goods and materials associated with their regular duties.

32. Defendant Nutt, at all times relevant hereto, was and is the owner and manager of Coach's Valet.

33. At all times relevant hereto, Defendant Nutt exercised operational control over the day-to-day business activities of Coach's Valet with respect to its

employees, including the Plaintiffs and Collective Action and Class Action members.[1]

34. At all times relevant hereto, Defendant Nutt exerted operational control over Coach's Valet's day-to-day business activities with respect to Plaintiffs and the other similarly situated valets by, among other means, assigning them to their particular job locations and shifts; instructing them on how he expected the work to be done; communicating with them daily regarding scheduling, tips earned, and to ensure compliance with setup and closing procedures; and collecting and retaining portions of tips earned by valets which Defendants called "Box Fees".

35. At all times hereto, the Plaintiffs were "engaged in commerce" and/or "the production of goods for commerce" and subject to the individual coverage of the FLSA.

## FACTUAL ALLEGATIONS

36. Defendants operate a valet parking business and employ valets who provide valet parking services to Defendants' customers in and around Sarasota and Manatee Counties, including restaurants, country clubs, and other venues.

37. At all times, Plaintiffs and the other similarly situated valets were employees of Defendants as that term is defined by the FLSA, Florida Constitution, and relevant case law.

---

[1] The FLSA defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

38. Defendants exerted managerial authority over valets, including Plaintiffs, by, among other means, hiring, firing and disciplining; supervising work performance; enforcing a dress code; assigning work locations and schedules; instructing valets on the means by which they were to perform their work duties; and requiring that valets arrive before and/or after their scheduled shift to perform setup and/or closing procedures.

39. At all times relevant, Defendant Nutt was responsible for creating, implementing, and enforcing Defendants' relevant policies and practices with respect to payment of wages and tip retention.

40. Plaintiffs and Class/Collective Action members are not exempt from the minimum wage and/or overtime requirements under the FLSA or Article X, Section 24 of the Florida Constitution.

41. Plaintiff Austin is a former valet employee of Defendants and was employed from approximately August 2024 through February 2025.

42. Plaintiff Diffenderfer is a former valet employee of Defendants and was employed from approximately February 2022 through June 2024.

43. Plaintiffs and members of the Collective and Class Actions have all been victimized by Defendants' common policy and plan in violation of their rights under the FLSA and Article X, Section 24 of the Florida Constitution.

44. Plaintiffs have first-hand personal knowledge of Defendants' pay practices

with respect to their valet employees.

45. All valets, including Plaintiffs, are/were compensated exclusively through voluntary tips received from patrons of Defendants' customers' businesses.

46. Defendants did not pay the valets any direct wages for any workweeks.

47. Because Defendants failed to pay valets any direct wages, they likewise failed to pay them at least the Florida tipped minimum wage.

48. Defendants charged the valets certain fees per shift worked.

49. When Plaintiffs earned a threshold amount of tips during a shift, Defendants illegally retained a portion of such tips, which they referred to as a "Box Fee."

50. Defendants required the valets to share their tips with individuals who do not customarily and regularly receive tips, including managers such as Defendant Nutt.

## MINIMUM WAGE AND OVERTIME VIOLATIONS

51. Defendants assigned Plaintiffs and other similarly situated valets to work shifts at their customers' businesses.

52. At the end of each shift, Plaintiffs and other similarly situated valets were required to report to Defendants, either themselves or through another valet assigned to the same shift/location, the total amount of tips earned.

53. At all times relevant hereto, Defendants were on notice of and/or had knowledge of all hours which Plaintiffs and their other valets worked, including all hours worked in excess of forty (40).

54. Despite Defendants being aware of all hours which their valets worked, Defendants failed to pay Plaintiffs and all other similarly situated valets any direct wages whatsoever.

55. At all times relevant hereto, Defendants failed to maintain accurate time and pay records with respect to Plaintiffs and all others similarly situated, in violation of the record-keeping requirements of the FLSA.

56. Defendants' failure to compensate Plaintiffs and all others similarly situated at least at Florida's applicable minimum wage rate for all weeks worked, violated the minimum wage provisions of the FLSA and the Florida Constitution.

57. Defendants' failure to compensate Plaintiffs and all others similarly situated at least at a rate of time and one-half Florida's minimum wage rate for all hours worked in excess of forty (40), violated the overtime provisions of the FLSA.

## **TIP VIOLATIONS**

58. Defendants retained a portion of Plaintiffs' tips and required Plaintiffs and other similarly valets to give a portion of their earned tips to Defendant Nutt when the tips earned by the valets exceeded a threshold amount, which Defendants called a "Box Fee."

59. While Defendants purported to illegally use a portion of the "Box Fees" (i.e. the valet's own tips) to pay the valets, including Plaintiffs, Defendants retain roughly $5 to $10 from each Box Fee collected from their valets.

## FLSA RETALIATION AGAINST AUSTIN

60.  Defendants also retaliated against Plaintiff Austin for his complaints about FLSA (and Florida Constitution) non-compliance and for alerting Defendants that he intended to bring legal action to recover unlawfully withheld minimum wages and tip compensation.

61. In February 2025, Austin began complaining that Defendants' pay policies were in violation of the FLSA and Florida wage and hour laws.

62. Austin sent text messages to several coworkers to see whether Defendants' other similarly situated valet employees were also being improperly denied wages and subject to tip theft in the same manner he was.

63. Upon learning that Austin was complaining about Defendants' pay and tip retention policies/practices, Defendant Nutt terminated Austin's employment and removed him from Defendants' weekly schedule.

64. Defendants' termination of Austin constituted retaliation prohibited by 29 U.S.C. § 215.

65. Defendants took further adverse action towards Austin in retaliation for Plaintiff's wage-based complaints. Specifically, Defendant Nutt threatened that he

would have Austin removed from his school program and that he would have other valets physically harm him.

## COLLECTIVE ACTION ALLEGATIONS

66. Plaintiffs bring the instant minimum wage, overtime, and unlawful tip retention claims on behalf of all persons who were employed by Defendants at any time during the three-year period prior to June 26, 2025 through the entry of judgment in this case (the "Collective Period"); who were employed as "valet" employees; and who have not been paid at least the applicable Florida minimum wage for all hours/weeks, have not been paid at least a rate of time and one-half the applicable Florida minimum wage for all hours worked in excess of forty (40) in a workweek, and have had their tips unlawfully retained, in violation of the FLSA (the "Collective Action Members").

67. These Collective Action Members should be informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

68. As part of their regular business practices, Defendants have intentionally, willfully and repeatedly harmed Plaintiffs and Collective Action Members by engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

69. Although Defendants permitted and/or required Collective Action Members to perform work for them, Defendants have denied them full compensation at the applicable, mandatory minimum wage rate[2] for all weeks worked.

70. Collective Action Members perform or have performed the same or similar work as Plaintiffs. Specifically, Plaintiffs and Collective Action Members all worked as valets under the same conditions and were subjected to the same violations of the FLSA.

71. Collective Action Members were also all subject to Defendants' uniform policy or practice whereby Defendants' illegal retain their valet's tips.

72. Collective Action Members are not exempt from the minimum wage or overtime provisions of the FLSA.

73. Defendants' failure to pay its valet employees at Florida's applicable minimum wage and/or overtime rates, as required by the FLSA, results from generally applicable policies or practices and does not depend on the personal circumstances of individual Collective Action Members.

---

[2] 29 C.F.R. § 778.5 ("Where a higher minimum wage than that set in the Fair Labor Standards Act is applicable to an employee by virtue of such other legislation, the regular rate of the employee, as the term is used in the Fair Labor Standards Act, cannot be lower than such applicable minimum, for the words "regular rate at which he is employed" as used in section 7 must be construed to mean the regular rate at which he is lawfully employed.").

74. Defendants' retention of tips results from generally applicable policies or practices and did/does not depend on the personal circumstances of individual Collective Action Members.

75.  Plaintiffs' experiences with respect to their pay is typical of the experiences of Collective Action Members.

76. Plaintiffs' experiences with respect to their job duties are typical of the experiences of Collective Action Members.

77.  The specific job titles or precise job responsibilities of each of the Collective Action Members does not prevent collective treatment.

78. All Collective Action Members, irrespective of their particular job requirements, are entitled to compensation for weeks worked at Florida's applicable minimum wage rate.

79. All Collective Action Members, irrespective of their particular job requirements, are entitled to compensation for their hours worked in excess of forty (40) in one or more workweeks at a rate of at least equal to time and one-half Florida's minimum wage.

80. All Collective Action Members, irrespective of their particular job requirements, are entitled to retain all tips which they earned.

81. Although the exact amount of damages may vary among the Collective Action Members, their damages can be easily calculated by a formula.

82. The claims of all Collective Action Members arise from a common nucleus of facts.

83. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Collective Action Members.

84. Plaintiffs and the Collective Action Members held the same job title: valets.

85. The individually named Defendant instituted, created, and/or permitted the policy and practice of denying all of Defendants' valets their full minimum wages and/or overtime compensation.

86. The individually named Defendant instituted, permitted, and/or required the policy and practice of charging all of Defendants' valets a "Box Fee".

87. As such, the class of employees similarly situated to Plaintiffs is properly defined as follows:

**The FLSA Collective Action Members are all of Defendants' current and former valets who worked for Defendants at any time during the three (3) year period before June 26, 2025 through the date of judgment.**

## RULE 23 FLORIDA CLASS ACTION ALLEGATIONS

88. Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

89. Plaintiffs bring their Florida Minimum Wage claims on behalf of all persons who were employed by Defendants at any time since June 26, 2020, to the entry of judgment in this case (the "Class Period"), who were valet employees and who

have not been paid at least the applicable Florida Minimum Wage, in violation of Article X, Section 24 of the Florida Constitution (the "Class Action Members").

90. The persons comprising the Class Action Members identified above are so numerous that joinder of all members is impracticable.

91. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are *at least* 45 to 90 Class Action Members who worked for Defendant during the Class Period.

92. The claims of Plaintiffs are typical of the claims of the Class Action Members, and a class action is superior to other available methods of fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

93. The Defendants have acted or refused to act on grounds generally applicable to the Class Action Members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Action Members as a whole.

94. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of minimum wages applied and

continues to apply to all Class Action Members.  Accordingly, the "Class Action Members" are properly defined as:

> **All of Defendants' current and former valets who worked for Defendants at any time during the five (5) year period before June 26, 2025 up to the date of judgment.**

95. Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in wage and hour law and class action litigation.

96. Plaintiffs have the same interests in this matter as all other Class Action Members and Plaintiffs' claims are typical of the Class Action Members'.

97. There are questions of law and fact common to the Class Action Members which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a)     whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and Class Action Members;

b)     what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

c)     whether Defendants failed and/or refused to pay the Class Action Members at least the Florida Minimum Wage in one of more workweeks;

    d)      whether the Defendants are liable for all damages claimed hereunder, including but not limited to, costs, disbursements and attorney's fees; and

    e)      whether the Defendants should be enjoined from such violations of Article X Section 24 of the Florida Constitution in the future.

98. Defendants' policy/practice of failing to compensate Plaintiffs and Class/Collective Action members with any direct wages violated, and continues to violate, the minimum wage requirements of the Article X, Section 24 of the Florida Constitution.

99. Defendants' enforcement of its pay and tip retention policies/practices with respect to Plaintiffs and all other similarly situated valets in violation of the Article X, Section 24 of the Florida Constitution was willful.

100. Plaintiffs and Class/Collective Action Members are entitled to recover their reasonable attorney's fees and costs as required by the FLSA and the Florida Constitution. 29 U.S.C. § 216(b); Fla. Const. Art. X § 24(e).

## COUNT I
## FLSA MINIMUM WAGE VIOLATION (29 U.S.C. § 206)

101. Plaintiffs reallege and reincorporate all allegations contained in paragraphs 1-57, 66-87, and 98-100 as if fully set forth herein.

102. At all times relevant to this action, Defendants are/were subject to the mandates of the FLSA, 29 U.S.C. § 201, *et seq.*

103. At all times relevant to this action, Defendants have been engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

104. At all times relevant to this action, Plaintiffs were "employees" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

105. Plaintiffs and other FLSA Collective Members, by virtue of their job duties and activities performed, are all non-exempt employees.

106. Plaintiffs either: (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

107. Plaintiffs worked weeks for which they were not compensated at the applicable and legally mandated minimum wage rate.

108. On information and belief, Defendants also failed to compensate their other similarly situated valet employees for their weeks worked at the applicable and legally mandated minimum wage rate.

109. Defendants' policy/practice of failing to pay Plaintiffs and Collective Action Members at the required minimum wage rate violates the FLSA. *See* 29 U.S.C. § 206.

110. Defendants do not compensate their valets with any direct wages whatsoever.

111. At all times relevant to this action, Defendants "suffered or permitted" Plaintiffs and all similarly situated current and former employees to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

112. As a result of Defendants common pay policies/practices, Defendants suffered or permitted Plaintiffs and others similarly situated to work weeks for which they were not properly compensated at the applicable and legally mandated minimum wage rate for all such hours weeks.

113. Plaintiffs and other FLSA Collective Members were entitled to be paid at the applicable and legally mandated minimum wage rate for all weeks worked. 29 U.S.C. § 206.

114. Defendants, at all times relevant, had knowledge of the hours which Plaintiffs, and other similarly situated valets worked, and could have easily accounted for and properly compensated Plaintiffs and the proposed FLSA Collective Members for their hours/weeks worked, but did not.

115. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages, an additional equal amount in liquidated damages, costs and reasonable attorneys' fees.

116. Defendants willfully failed to pay Plaintiffs and those similarly situated their minimum wages for one or more weeks during Plaintiffs' employment contrary to the minimum wage provisions of the FLSA.

117.  None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendants or Plaintiffs.

118. Defendants failed to keep adequate records of Plaintiffs' and Collective Action Members' work hours and pay in violation of section 211(c) of the FLSA. *See* 29 U.S.C. § 211(c).

119. Defendants have not complied with federal law and have failed to maintain such records with respect to Plaintiff and Collective Action Members.

120. Because Defendants' records are inaccurate and/or inadequate, Plaintiffs and Collective Action Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g.*, *Anderson v. Mt. Clemens Pottery Co.¸* 328 U.S. 680, 687 (1946).

## COUNT II
## FLSA OVERTIME VIOLATION (29 U.S.C. § 206)

121. Plaintiffs reallege and reincorporate all allegations contained in paragraphs 1-57, 66-87, and 98-100 as if fully set forth herein.

122. At all times relevant to this action, Defendants are/were subject to the mandates of the FLSA, 29 U.S.C. § 201, *et seq.*

123. At all times relevant to this action, Defendants have been engaged in

interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

124. At all times relevant to this action, Plaintiffs were "employees" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

125. Plaintiffs and other FLSA Collective Members, by virtue of their job duties and activities performed, are all non-exempt employees.

126. Plaintiffs either: (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

127. At all times relevant to this action, Defendants "suffered or permitted" Plaintiffs and all similarly situated current and former employees to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

128. At all times relevant to this action, Defendants required Plaintiffs and/or other members of the proposed FLSA Collective to perform work in excess of forty (40) hours in a workweek during one or more workweeks, and Defendants failed to pay these employees the federally mandated overtime compensation for all hours worked over forty (40).

129. As a result of Defendants common pay policies/practices, Defendants suffered or permitted Plaintiffs and others similarly situated to work over forty hours in one or more workweeks for which they were not properly compensated

at least time and one half of their regular rate of pay for all such hours worked.

130. Defendants, at all times relevant, had knowledge of the hours which Plaintiffs, and other similarly situated valets worked, including those hours worked in excess of forty (40), and could have easily accounted for and properly compensated Plaintiffs and the proposed FLSA Collective Members for their hours worked, but did not.

131. In workweeks where Plaintiffs and other FLSA Collective Members worked in excess of forty (40) hours, such overtime hours should have been paid at the rate of at least 1.5 times the Florida minimum wage rate. 29 U.S.C. §§ 207, 218.

132. Defendants willfully failed to pay Plaintiffs and those similarly situated their mandatory overtime compensation in workweeks in which they worked in excess of forty (40) hours for one or more weeks during Plaintiffs' employment.

133. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages (including unpaid overtime), an additional equal amount in liquidated damages, and costs and reasonable attorneys' fees.

<u>**COUNT III**</u>
<u>**FLSA COLLECTIVE – RECOVERY OF UNLAWFUL TIP RETENTION**</u>

134. Plaintiffs reallege and reincorporate all allegations contained in paragraphs 1-59, 66-87, and 98-100 as if fully set forth herein.

135. 29 U.S.C. § 203(m)(2)(B) prohibits an employer from retaining any portion of tips received by its employees for any purposes.

136. During the relevant time period, Defendants illegally retained a portions of Plaintiffs' tips.

137. Defendants retention of such tips was willful.

138. Plaintiffs and Collective Action Members are entitled to an award of damages in an amount equal to the total amount of tips that Defendants improperly retained, plus an equal amount as liquidated damages.

139. Plaintiffs are also entitled to an award of reasonable attorney's fees and costs, pursuant to 29 U.S.C. § 216(b).

## COUNT IV
## FLORIDA CLASS MINIMUM WAGE VIOLATION
## (FLA. CONST. ART. X, § 24)

140. Plaintiffs reallege and reincorporate all allegations contained in paragraphs 1-57, 88-97, and 98-100 as if fully set forth herein.

141. Defendants failed to pay Plaintiffs at the applicable and legally mandated Florida minimum wage for some or all workweeks.

142. Plaintiffs and those similarly situated employees are/were entitled to be paid at least the Florida minimum wage for each workweek during their employment with Defendants.

143. Defendants willfully failed to pay Plaintiffs and those similarly situated

employees their minimum wages for one or more weeks during Plaintiffs' employment contrary to Article X, Section 24 of the Florida Constitution.

144. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiffs, and those similarly situated employees have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

145. Plaintiffs and the putative Class Action Members are entitled to an award of damages in an amount equal to the relevant Florida Minimum Wage, and an equal amount as liquidated damages. Fla. Const. Art. X § 24(e).

146. Plaintiffs are entitled to an award of reasonable attorneys' fees and costs, pursuant to Article X, Section 24 of the Florida Constitution. Fla. Const. Art X § 24(e).

**COUNT V**
**<u>FLSA RETALIATION</u>**
(as to Plaintiff Gabriel Austin)

147. Plaintiff Austin realleges and reincorporates all allegations contained in paragraphs 1-13, 15-21, 24, 26-65, as if fully set forth herein.

148. Section 215 of the FLSA states that it is a violation to "discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. § 215(a)(3).

149. Defendants' conduct, as set forth above, violated the FLSA's anti-retaliation provision.

150. Plaintiff Austin engaged in protected activity when he complained about and/or objected to Defendants' unlawful wage and hour policies/practices in violation of the FLSA, as described in part above.

151. Almost immediately after Plaintiff Austin complained of Defendants' failure to pay him his wages for his hours worked, and after communicating with other employees of Defendants regarding Defendants' improper failure to pay to pay for hours worked, Defendants subjected Plaintiff Austin to adverse employment actions.

152. Specifically, upon learning of Plaintiff Austin's wage-based complaints and discussions with other similarly situated valet employees regarding same, Defendants terminated Plaintiff Austin's employment, removed Austin from the weekly schedule, threatened that he would have Austin removed from his school program, and threatened that he would have his other employees physically harm Austin.

153. The adverse employment actions directed at Plaintiff Austin by Defendants was done in response to Plaintiff Austin's complaints regarding the failure to properly pay him for his hours worked.

154. The motivating factor that caused Defendants to subject Plaintiff Austin to discriminatory and retaliatory treatment, as described in part above, was Austin's complaints and/or objections to Defendants' policy or practice of failing to pay Plaintiff the legally mandated minimum wage for all his hours worked.

155. Defendants' actions, by and through it agents and/or representatives, were willful, wanton, and intentional, and done with malice or reckless indifference to Plaintiff Austin's statutorily protected rights, thus entitling Austin to damages in the form of compensatory damages, back and front pay damages, and liquidated damages, pursuant to federal law.

156. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff Austin has suffered and will continue to suffer mental anguish, emotional distress, added expense, embarrassment, humiliation, and other tangible and intangible damages.

**WHEREFORE**, with respect to Count V, Plaintiff Austin seeks entry of a judgment against Defendants that they have violated the FLSA and have done so willfully, intentionally, and with reckless disregard for his rights; to be fully awarded back, front pay, and liquidated damages at amounts to be proved at trial for the unlawful employment practices described herein; to enter an award against Defendants and for Plaintiff, awarding Plaintiff Austin compensatory damages for mental anguish, humiliation, and other forms of emotional distress alleged herein;

to recover reasonable attorneys' fees and costs associated with bringing this action; and to be granted any other affirmative and/or equitable relief this Honorable Court deems just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiffs and Class/Collective Action Members hereby demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

For the reasons stated above, with respect to Counts I through V, Plaintiffs and Class/Collective Action Members respectfully request that judgment be entered in their favor awarding the following relief:

a) Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Class Action Members and appointing Plaintiffs and their counsel to represent the Class Action Members;

b) Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. §216(b) and appointing

Plaintiffs and their counsel to represent the Collective Action Members;

c) A declaration, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage and overtime provisions of the FLSA;

d) All unpaid wages at the applicable Florida minimum wage;

e) All overtime premiums for all hours worked in excess of forty (40);

f) All tips retained/misappropriated;

g) An equal amount of all owed wages and retained/misappropriated tips as liquidated damages as allowed under the FLSA;

h) An equal amount of all owed wages as liquidated damages as allowed under Article X, Section 24 of the Florida Constitution;

i) Reasonable attorneys' fees, costs and expenses of this action as provided by the FLSA;

j) Reasonable attorney's fees, costs and expenses of this action as provided by Article X, Section 24 of the Florida Constitution; and

k) Such other relief to which Plaintiffs and Class/Collective Action Members may be entitled, at law or in equity.

Dated: August 28, 2025

Respectfully submitted,

*/s/ Corey L. Seldin*

Corey L. Seldin, Esq.
Fla Bar No.: 1026565
Andrew R. Frisch, Esq.
Fla Bar No.: 027777
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, Florida 33324
Telephone: (954) 807-7765
Facsimile:  (954) 807-7768
Email: cseldin@forthepeople.com
Email: AFrisch@forthepeople.com

*Counsel for Plaintiffs &*
*Class/Collective Members*